**Robins Kaplan LLP**
Jason R. Fair, Bar No. (279699)
JFair@RobinsKaplan.com
Nargess N. Hadjian, Bar No. (328428)
NHadjian@RobinsKaplan.com
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-+3208
Telephone:    310 552 0130
Facsimile:    310 229 5800

Attorneys for Plaintiffs
SOUTHERN CALIFORNIA ELECTRICAL
FIRM, JASON FARR, DAVID KANOWSKY,
AND ROB MORGAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA ELECTRICAL FIRM, a California corporation; JASON FARR, an individual; DAVID KANOWSKY, an individual; and ROB MORGAN, an individual,<br><br>                    Plaintiffs,<br><br>        v.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY, a California corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.  2:22-cv-3937<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATION OF SECTION 2 OF THE SHERMAN ACT (15 U.S.C. § 2);**<br><br>**(2) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS;**<br><br>**(3) NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS;**<br><br>**(4) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIP; AND**<br><br>**(5) VIOLATION OF THE UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE § 17200); AND**<br><br>**(6) DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

61683484.4

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## I. **INTRODUCTION**

2      1.     Defendant SOUTHERN CALIFORNIA EDISON COMPANY ("Edison" or

3   "Defendant") is restricting competition within its monopolized market for electric utility and related

4   services. Edison delivers annually more than 87 billion kWh of electricity and powers a total of

5   one-hundred-eighty incorporated cities, fifteen counties, thirty-three unincorporated communities,

6   thirty-four census designated places and thirteen federally recognized tribal lands, all within the

7   50,000 square miles of service areas highlighted in the image below ("SCE Territory" or "Relevant

8   Market").



2      2.     Edison is the only provider of electric utility within the SCE Territory.

3      3.     This case concerns Edison's anti-competitive behavior to restrict who may be

applicant designers and installers of new electric line extensions within the SCE Territory— due to

the monopoly of Edison that is the SCE Territory, the restrictions and agreements at issue prohibit

each of the Plaintiffs from working on new electrical connections within the SCE Territory, that is

all new electrical work in a 50,000 square mile radius.

COMPLAINT

61683484.4

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

4.    Electric Tariff Rules 15 and 16 – Electric Distribution Line Extensions and Service Line Extensions – are the tariffs that govern investor-owned electric utilities distribution line extensions and service line extensions.  Under both Rules 15 and 16, the applicant consumer (the property owner within the SCE Territory) may elect to design and install that portion of the new distribution line extension (Rule 15) and/or that portion of the new service extension (Rule 16) in accordance with Rule 15's applicant design and applicant installation options. The alternative option to the consumer is to pay Edison directly for the design and/or installation.

5.    In an alleged abuse of its rights under Tariff Rules 15 and 16, Edison implements an Applicant Design Program to control which contractors may be applicant designers and applicant installers under Tariff Rules 15 and 16. In a special issue of its Applicant Distribution Design Standards ("ADS Policy") to establish new pre-qualifications and on-going qualification eligibility to participate in Edison's Applicant Design Program, Edison unilaterally excludes two classes of individuals from being applicant designers and applicant installers under Tariff Rules 15 and 16 by stating all applicants:

> (1) Must not currently, or in the future as a qualified designer, work as a design contractor (or its employee) that does business directly with SCE, or as a subcontractor to a firm that does business directly with SCE; and

> (2) Must not have been terminated from SCE under a classification that makes them ineligible for rehire or ineligible to work on SCE assets or systems.

Applicant Distribution Design Standards, Section 2.7(A).

6.    The written exclusion and practice of Edison's ADS Policy is that those individuals that have worked with and been trained by either Edison or a contractor already doing business with Edison are prohibited from becoming Applicant Installers or Applicant Designers for hire pursuant to Tariff Rules 15 and 16.

7.    SCE has disqualified the individual plaintiffs from being Applicant Installers and Applicant Designers due to Section 2.7(A). And SCE has disqualified SCEF, the corporate Plaintiff, by extending in practice Section 2.7(A) to SCEF due to Section 2.7(A)'s alleged disqualification of SCEF's individual shareholders.

COMPLAINT

61683484.4

8.     Plaintiffs bring this lawsuit to obtain an order declaring both the written terms in Applicant Distribution Design Standards, Section 2.7(A) and SCE's practice of extending its disqualification impact to corporate entities to be unlawful. Plaintiffs also seek monetary damages for the harm SCE's unlawful and restrictive practice caused them.

## II.     PARTIES

9.     Plaintiff SOUTHERN CALIFORNIA ELECTRICAL FIRM, a California corporation ("SCEF") is a corporation organized, existing, and doing business under and by virtue of the laws of the State of California, with its office and principal place of business located at 4002 Admirable Drive, Rancho Palos Verdes, California 90275. SCEF is licensed by the California State Contractors License Board as a C10 – Electrical and A- General Engineering Contractor.

10.    Jason Farr ("Farr") is an individual and officer of SCEF residing in Rancho Palos Verdes, California 90275.

11.    David Kanowsky ("Kanowsky") is an individual and officer of SCEF residing in Huntington Beach, California.

12.    Robert Morgan ("Morgan") is an individual and officer of SCEF residing in Torrance, California.

13.    Defendant Edison is a corporation organized, existing, and doing business under and by virtue of the laws of the State of California with its office and principal place of business located at 36748 Canyon Street, Yucaipa, California 92399. Edison generates, transmits, and distributes electric power as well as related services throughout Central, Coastal, and Southern California.

14.    The true names of defendants designated as Does 1 through 10, inclusive, are presently unknown to Plaintiffs who therefore sues said defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to set forth their true names and capacities when ascertained.

15.    Based upon its information and belief, Plaintiffs allege that each of the fictitiously named defendants is responsible for and has contributed to the matters herein related giving rise to the relief being sought by Plaintiffs as set forth below. When the identities, capacities, and activities of said defendants are ascertained, Plaintiffs will amend their Complaint to so allege.

COMPLAINT

61683484.4

16.     Plaintiffs are informed and believes and thereon allege that at all times herein mentioned, each of the defendants, including the Doe defendants, was the agent or employee of each of the other defendants and at all times was acting within the scope and authority of said agency or employment.

### III.     JURISDICTION AND VENUE

17.     This Complaint is an action to recover damages pursuant to Section 2 of the Sherman Act, 15 U.S.C. § 2, and Section 17200 of the California Business and Professions Code. This Court has subject matter jurisdiction over Plaintiffs' federal antitrust claims pursuant to 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction over the California state law claims in the Second, Third, Fourth and Fifth Causes of Action pursuant to 28 U.S.C. § 1367.

18.     The activities of Edison, as described herein, involve trade and commerce and/or are within the flow, are intended to, and have a direct, substantial, and reasonably foreseeable effect on domestic trade and commerce. This effect gave rise to Plaintiffs antitrust claims.

19.     Venue is proper in this judicial district pursuant to 15 U.S.C. §§ 15 and 22 and 28 U.S.C. § 1391 because Edison transacts business, is found in, and has an agent in this District.

### IV.     TRADE AND COMMERCE

20.     The conduct of Edison complained of herein has taken place in and affected trade and commerce in the SCE Territory by causing antitrust injuries and restraining competition in the Applicant Designer and Applicant Installer trades as intended by Tariff Rules 15 and 16 (the, "Trade").

21.     Edison's conduct complained of herein has directly, substantially, and foreseeably affected the Trade in that Edison has obstructed free and open competition in the Trade within the SCE Territory.

### V.     FACTUAL ALLEGATIONS

#### A.     The Market for Electricity (the "Relevant Market")

22.     Edison occupies most of the Southern California electrical market – as well as some of the central and coastal California markets – as the leading and primary provider of electricity in the SCE Territory, providing services to approximately 15 million people.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

61683484.4

23.     In the SCE Territory, Edison is the sole electric utility provider and also generates electricity, transmits electricity, and distributes electric power as well as provides design and installation services to connect new consumers to its grid.

**B.      Edison's Monopoly Power in the Relevant Market**

24.     Edison has possession of monopoly power in the Relevant Market, owning a dominant share as the only provider of electric utility within the Relevant Market. Because of Edison's dominating presence, all electrical contractors who desire to perform work as Applicant Designers and/or Applicant Installers under Tariff Rules 15 and 16 within the Relevant Market must qualify to do so under Edison's ADS Policy.

**C.      Edison's Deceptive Unfair Business Practices and Anticompetitive Actions**

25.     Since at least 2015, Edison put in place a company-wide policy prohibiting certain terminated Edison employees from working, in any manner, on construction projects requiring Edison's approval, oversight, or involvement in any capacity.

26.     By implementing such a policy, Edison removes its terminated employees, including Plaintiffs, from the Relevant Market and refuses to deal with Plaintiffs, denying these individuals any opportunity to work as electrical contractors in the Relevant Market.

27.     In July 2018, Edison put into writing its deceptive, unfair, and anticompetitive conduct by adding two conditions to its internal qualifications to be an Applicant Designer and/or Applicant Installer under Tariff Rules 15 and 16. Edison's conditions are that the applicant:

> (1) Must not currently, or in the future as a qualified designer, work as a design contractor (or its employee) that does business directly with SCE, or as a subcontractor to a firm that does business directly with SCE; and

> (2) Must not have been terminated from SCE under a classification that makes them ineligible for rehire or ineligible to work on SCE assets or systems.

Applicant Distribution Design Standards, Section 2.7(A).

**D.      Plaintiff's Injuries**

28.     Plaintiffs suffer injuries caused directly by Edison's restrictive policies.

29.     Farr, Kanowsky and Morgan were terminated from Edison in or around April 2017.

61683484.4

1   As part of their termination, Edison issued a terminate letter to these individuals that states, "as part

2   of the conditions of your employment termination, you may never come back onto company

3   property."

4       30.     After being unable to obtain employment in the Relevant Market as electrical

5   contractors due to Edison's restrictive policies, Farr, Kanowsky and Morgan collectively started

6   SCEF.

7       31.     SCEF contracted with several different owners and contractors in the Relevant

8   Market to perform electrical work, including, but not limited to, the relocation of electrical poles

9   and wires, installation of distribution line extensions, and underground conduit installation

10  (collectively, the "Contracts").

11      32.     SCEF's success was consistently met with obstacles, additional costs, hardships,

12  and burdens imposed on it by Edison. Edison interfered with each and every one of SCEF's

13  Contracts through the following acts, including but not limited to:

14          a.   Informing owners and contractors that it would not acknowledge SCEF's work;

15          b.   Informing owners and contractors that it would not recognize the validity of any

16              contracts with SCEF;

17          c.   Instructing owners and contractors not to use SCEF, even though SCEF was under

18              contract with these owners and contractors to provide them meaningful consultation

19              services and/or work; and

20          d.    Intentionally damaging SCEF's reputation by discussing Edison's past dealings and

21              issues with SCEF during site inspections with SCEF's customers.

22      33.     On February 18, 2018, SCEF sent Edison a cease and desist letter, identifying

23  Edison's conduct as restrictive, in violation of California law and subjecting Edison to claim under

24  Public Utility Code § 2106.

25      34.     On March 29, 2018, Edison confirmed in writing its position that "is not required to

26  conduct business with" SCEF.

27      35.     On April 6, 2018, SCEF wrote to Edison that,

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

61683484.4

SCEF is working its active projects to mitigate exposure for both parties. In the spirit of truly resolving this situation amicably, SCEF is restricting its dealings with SCE by funneling all communications and contact with SCE through persons that are not subject to the imposed restrictions. Until the reasonable restrictions are deemed acceptable, SCEF will perform under this arrangement.

36.     Because Edison prohibited and denied SCEF and its officers from participating in the Relevant Market, SCEF was forced to mitigate its harm by utilizing third-party subcontractors and design consultants to complete work that SCEF could have done itself but for the ADS Policy. The use of third-party subcontractors and consultants resulted in significant losses to SCEF.

37.     To further mitigate the impacts of Edison's wrongful conduct, SCEF was forced to hire at least three full-time employees for the sole purpose of submitting claims and paperwork to Edison in an effort to circumvent the unlawful ADS Policy and fairly participate in the marketplace. SCEF would not have hired the additional employees but for the fact that the ADS Policy was making it impossible for SCEF to conduct lawful business and participate in the market. The hiring of the three employees increased SCEF's payroll expenses and resulted in additional significant losses to SCEF.

38.     Edison's conduct and ADS Policy rendered Plaintiffs' performance more difficult and burdensome and, as a result, SCEF incurred a total amount of not less than $900,000 in losses that it would not have incurred but for Edison's interference ("Additional Costs").

39.     On August 12, 2020, Edison informed SCEF that it was aware of SCEF's projects being carried out by SCEF's sub-contractors and that Edison would no longer permit SCEF to utilize sub-contractors in furtherance of its projects within the SCE Territory. In a meeting with Edison, Edison personnel informed SCEF that:

a.     Edison will not accept any new submittals for new service design and construction from SCEF, including local planning submittals, applicant design or applicant install;

b.     Edison will not accept work that was submitted on behalf of SCEF through a third party company (a subcontractor) for applicant design and installation work;

c.     Edison will not honor future work requests submitted by SCEF under third party

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

authorization letters;

   d.   Edison unilaterally contacted SCEF's subcontractors and notified them that Edison would not accept new work that originated with SCEF; and

   e.   Farr, Kanowsky, and Morgan were not permitted on Edison property or allowed to communicate with Edison employees.

40.   Between August 2020 and April 2022, SCEF continued to mitigate the impact of Edison's restrictive and anticompetitive conduct by utilizing subcontractors to push its business through the Edison system.

41.   From 2017 through April 2022, SCEF's contract value for design and consulting work exceeds $3,000,000, and its contract value for construction exceeds $6,000,000. For all of its contracts, SCEF was forced to incur losses in its efforts to mitigate the harm Edison was causing through its wrongful conduct.

42.   Through its deceptive and anticompetitive conduct, Edison deliberately and knowingly interfered with SCEF's contractual business relationships with third-party owners and contractors by: implementing Edison's ADS Policy; informing owners and contractors that it would not acknowledge SCEF's work or recognize the validity of these customer's contracts with SCEF; instructing utility customers to not hire SCEF; and, disparaging the Plaintiffs.

43.   Edison further deliberately and knowingly, or at minimum negligently, interfered with SCEF's prospective economic relations by creating substantial administrative burdens on SCEF's ability to perform its contracts with third-parties.

44.   Edison's conduct caused and continues to cause Plaintiffs injury by significantly decreasing or eliminating completely their ability to compete in the Relevant Market and putting a restraint on trade

45.   Plaintiffs now bring this action in order to end Edison's monopolization of the Relevant Market and its anticompetitive conduct to maintain the same.

COMPLAINT

61683484.4

# VI.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (Violation of Section 2 of the Sherman Act—15 U.S.C. § 2)

#### Against Edison

46.    SCEF hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 45 of this Complaint.

47.    This cause of action is brought pursuant to Section 2 of the Sherman Act, 15 U.S.C. § 2, and alleges that Edison has possession of monopoly power in the Relevant Market, owning a dominant share of the Relevant Market amounting to *at least* 75%. Through deceptive and anticompetitive conduct, Edison has willfully maintained such monopoly power by erecting significant barriers of entry into the Relevant Market and has consequently caused antitrust injury by significantly decreasing or eliminating completely competitors' abilities and/or capacity to be part of the Relevant Market.

48.    Edison's monopoly position has been acquired and maintained through exclusionary conduct as opposed to a superior product or business acumen.

49.    The relevant geographic market in this case is Central, Coastal, and Southern California. Specifically, the relevant geographic market includes the following counties: Fresno, Imperial, Inyo, Kern, Kings, Los Angeles, Madera, Mono, Orange, Riverside, San Bernardino, Santa Barbara, Tuolumne, Tulare, and Ventura.

50.    The relevant product market is the business of generating, transmitting, and distributing electricity and other related services, such as application designers and installers and their construction services relating to the product market.

51.    Edison's unlawful conduct not only harms competitors but also harms the competitive process and thereby the consumers. As set forth above, SCEF was engaged by several owners and contractors to provide meaningful consultation services after winning the bid to do so with the most efficient offer. Due to Edison's ADS Policy to not work with former Edison employees, SCEF was required to mitigate harm caused to it by Edison's conduct by hiring third-party contractors to assist it in its work. SCEF's work was also constantly delayed intentionally by

COMPLAINT

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

Edison personnel.

52.     If not enjoined, Edison's monopolization will continue, with the result that SCEF will be frozen out of the Relevant Market with the option to either change its servicing region to one where Edison is not present or go out of business, and consumers will continue to suffer from limited options of service and restricted prices.

53.     By reason of, and as a direct and proximate result of the violations alleged herein, SCEF has been, and will continue to be, irreparably injured in its business by Edison's continuing violations.

## SECOND CAUSE OF ACTION

### (Intentional Interference with Prospective Economic Relations)

### Against all Defendants

54.     SCEF hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 53 of this Complaint.

55.     At all times relevant hereto, SCEF had a beneficial relationship with its customers, including without limitation landowners and contractors associated with the Contracts as identified above. SCEF is engaged by its customers to provide meaningful electrical services, including, but not limited to, the relocation and installation of electrical poles and wires pursuant to Tariffs 15 and 16. Since its inception, SCEF also had beneficial relationships with other customers in the Relevant Market and, as a result of these relationships, reasonably expected to receive jobs and income from these prospective customers.

56.     At all times relevant hereto, Edison was aware of SCEF's business relationships, including SCEF's business expectations with prospective customers in the Relevant Market.

57.     Edison's unlawful conduct and anticompetitive actions, including, without limitation, implementing Edison's ADS Policy, informing owners and contractors that it would not acknowledge SCEF's work or recognize the validity of their Contracts with SCEF, and instructing owners and contractors not to use SCEF each individually and collectively interfered with SCEF's prospective economic relationships.

COMPLAINT

61683484.4

58.     As a direct and proximate result of Edison's wrongful conduct, SCEF has suffered, and will continue to suffer, significant damages to its business, goodwill and reputation in an amount according to proof at trial.

59.     Defendants acted knowingly with the purpose of causing damage to SCEF's business and its goodwill and reputation so as to justify an award of exemplary and punitive damages, including damages under California Public Utilities Code, section 2106.

### THIRD CAUSE OF ACTION

**(Negligent Interference with Prospective Economic Relations)**

**Against all Defendants**

60.     SCEF hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 59 of this Complaint.

61.     SCEF alleges that Defendants intentionally, or at least negligently, interfered with contracts and/or economic relationships between SCEF and owners and other contractors, including through its unlawful conduct and anticompetitive actions as described herein. The acts done relating to SCEF affected SCEF's positions and interest in the Relevant Market, including its relationship, contractual or otherwise, with its direct customers.

62.     Each of the above economic relationships and/or contracts probably would have resulted in an economic benefit or a greater economic benefit to SCEF if not for the interference of Edison.

63.     More particularly, SCEF was in a contractual and economic relationship with owners and contractors that should have resulted in a greater economic benefit to SCEF. Edison knew of the relationship between SCEF and its customers and knowingly and purposefully engaged in the restrictive and wrongful conduct described herein, which either intentionally, or at least negligently, disrupted the contractual relationships between SCEF and its customers, all with the purpose to injure SCEF's business and reputation, which acts are wrongful.

64.     By engaging in such conduct, Defendants intentionally, or at least negligently, disrupted the contractual and/or economic relationship and/or knew, or reasonably should have known, that disruption of the relationship was certain or substantially certain to occur and each of

- 12 -

61683484.4

1  those relationships was disrupted so that SCEF and its business interest and related liabilities were

2  harmed, and Defendants' conduct was a substantial factor in causing SCEF's harm.

3        65.    As a direct and proximate result of Edison's wrongful conduct, SCEF has suffered,

4  and will continue to suffer, significant damages to its business, goodwill and reputation in an

5  amount according to proof at trial.

6        66.    Defendants acted knowingly with the purpose of causing damage to SCEF's

7  business and its goodwill and reputation so as to justify an award of exemplary and punitive

8  damages, including damages under California Public Utilities Code, section 2106.

9  **FOURTH CAUSE OF ACTION**

10  **(Intentional Interference with Contractual Relationship)**

11  **Against all Defendants**

12        67.    SCEF hereby incorporates by reference each and every allegation contained in

13  Paragraphs 1 through 66 of this Complaint.

14        68.    At all times relevant hereto, SCEF entered into contractual relationships for the

15  performance of electrical design and consulting and electrical construction.

16        69.    As a result of these contractual relationships, SCEF received, and reasonably

17  expected to continue receiving, work and income.

18        70.    Edison was aware of SCEF's contractual relationships and its business expectations.

19        71.    Edison's unlawful conduct and anticompetitive actions, including, without

20  limitation, implementing Edison's ADS Policy, informing owners and contractors that it would not

21  acknowledge SCEF's work or recognize the validity of their contracts with SCEF, and instructing

22  owners and contractors not to use SCEF, substantially interfered with SCEF's contractual

23  relationships, rendering SCEF's performance more difficult and burdensome.

24        72.    As a result, SCEF has either lost the ability to perform its contractual obligations,

25  and/or those contractual obligations have become more difficult and burdensome as a result of

26  Edison's misconduct.

27        73.    As a direct and proximate result of Edison's wrongful conduct, SCEF has suffered,

28  and will continue to suffer, significant damages to its business, goodwill and reputation in an

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -

amount according to proof at trial.

74.     Defendants acted knowingly with the purpose of causing damage to SCEF's business and its goodwill and reputation so as to justify an award of exemplary and punitive damages, including damages under California Public Utilities Code, section 2106.

## FIFTH CAUSE OF ACTION

**(Violation of the Unfair Competition Law – Cal. Bus. & Prof. Code § 17200 et seq.)**

**Against all Defendants**

75.     SCEF hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 74 of this Complaint.

76.     By virtue of the conduct described herein, Edison engaged in unlawful, unfair, dishonest, deceptive, and destructive business acts and practices by which fair and honest competition is destroyed and/or prevented in violation of California Business and Professions Code § 17200, et seq.

77.     As a proximate result of Edison's business acts and practices, SCEF has and will continue to lose money, and consumers of electricity in the Relevant Market have, and will continue to be harmed, and Edison has enjoyed and will continue to enjoy unlawful profits in a sum not yet fully ascertained.

78.     SCEF is entitled to preliminary and permanent injunctive relief sufficient to restrain Edison from continuing or repeating such acts in the future.

## SIXTH CAUSE OF ACTION

**(Declaratory Relief)**

**Against all Defendants**

79.     SCEF hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 78 of this Complaint.

80.     Plaintiffs and Defendants dispute whether Defendant's ADS Policy and/or their restrictive implementation of such policy violates California law. The controversy has adverse legal interest of sufficient immediacy and reality to warrant the issuance of declaratory judgment.

- 14 -

COMPLAINT

61683484.4

81.     Plaintiffs seek to resolve this controversy through a declaratory judgment that provides a judicial determination and declaration that Edison's ADS Policy is unlawful and invalid, and therefore unenforceable against Plaintiffs, as individuals and as a company.

82.     In addition, Plaintiffs seek a declaratory judgment that provides a judicial determination and declaration that Plaintiffs, as individuals and as a company, may operate as outside applicant designers and/or applicant installers under Tariff Rules 15 and 16.

83.     Plaintiffs require a declaration at this time in order that the parties' dispute may be resolved and that they may be aware of their respective rights and duties.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment as follows:

**ON THE FIRST CAUSE OF ACTION**

1.     Monetary damages sustained as a result of injury due to Edison's violations of the Sherman Act (15 U.S.C. § 2) in amounts to be ascertained at trial;

2.     Other general and consequential damages, according to proof; and

3.     Interest according to law.

**ON THE SECOND CAUSE OF ACTION**

4.     For damages according to proof at time of trial;

5.     Punitive and exemplary damages, according to proof; and

6.     Interest according to law.

**ON THE THIRD CAUSE OF ACTION**

7.     For damages according to proof at time of trial;

8.     Punitive and exemplary damages, according to proof; and

9.     Interest according to law.

**ON THE FOURTH CAUSE OF ACTION**

10.     For damages according to proof at time of trial;

11.     Punitive and exemplary damages, according to proof; and

12.     Interest according to law.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

61683484.4

1

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

### ON THE FIFTH CAUSE OF ACTION

13.    Preliminary and permanent injunction enjoining Edison from continuing its unfair and unlawful business practices, including, without limitation, prohibiting Edison from implementing a policy prohibiting the engagement of certain entities.

### ON THE SIXTH CAUSE OF ACTION

14.    An order declaring unlawful Edison's ADS Policy to refrain from engaging former Edison employees and Edison's unilateral moratorium on communications with former Edison employees;

15.    Judicial determination and declaration that Edison's ADS Policy is unlawful and invalid, and therefore unenforceable against Plaintiffs, as individuals and as a company; and

16.    Judicial determination and declaration that Plaintiffs, as individuals and as a company, may operate as outside applicant designers and/or applicant installers under Tariff Rules 15 and 16.

### ON ALL CAUSES OF ACTION

17.    Recovery of costs of suit, including reasonable attorneys' fees, as permitted by law, in an amount allowed by the Court; and

18.    Such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury in this action of all issues so triable.

DATED:  June 9, 2022                    **ROBINS KAPLAN LLP**


By:   /s/ *Jason R. Fair*                        _
         Jason R. Fair
         Nargess N. Hadjian

**ATTORNEYS FOR PLAINTIFFS**
**SOUTHERN CALIFORNIA ELECTRICAL**
**FIRM, JASON FARR, DAVID KANOWSKY,**
**AND ROB MORGAN**

- 16 -

61683484.4